UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARGARITA MARTINEZ,

    Plaintiff,

vs.

    Case No. 07-CV-6607

THE REPUBLIC OF CUBA,

    Defendant.
_____/

## NOTICE OF SUIT

The Plaintiff, ANA MARGARITA MARTINEZ, pursuant to 28 U.S.C. §1608(a) and 22 C.F.R. §93.2, hereby gives notice of the filing of the above-captioned lawsuit. Please take notice that:

1. The title of this legal proceeding is: ANA MARGARITA MARTINEZ v. THE REPUBLIC OF CUBA, Case No. 07-CV-6607. It has been filed in the United States District Court for the Southern District of New York.

2. The name of the foreign state being sued in the above action is: THE REPUBLIC OF CUBA.

3. The identity of the other party is: ANA MARGARITA MARTINEZ.

4. The nature of the documents being served are: Summons and Complaint.

5. The nature and purpose of this proceeding are as follows: This lawsuit is an action of debt on a state court judgment entered on March 27, 2001, for the Plaintiff in the amount of $27,175,000, in the case titled Ana Margarita Martinez v. The Republic of Cuba, in the Circuit Court for the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, Case No. 99-18208 CA 20. This matter arises from the fraudulently induced and intentionally inflicted torture, battery and terrorist acts committed against Ana Margarita Martinez by an agent of the Cuban government

acting within the scope of his employment. From February, 1992 through February, 1996, Pablo Roque, an agent and trained spy for the Cuban Government, committed intentional sexual battery, rape, and terrorist acts against Ms. Martinez, whom he defrauded into marrying him for the sole purpose of using his relationship to infiltrate the local exiled Cuban community in Miami. After a trial, the Florida state court entered judgment for the Plaintiff for compensatory damages of $7,175,000 and punitive damages of $20,000,000 million. THE REPUBLIC OF CUBA has been named a defendant because: it was responsible for the intentional torture, battery and terrorist acts committed by its agent, Pablo Roque, in the scope of his employment with the Cuban government. THE REPUBLIC OF CUBA has been designated by the U.S. Government as a state sponsor of terrorism; a judgment has been entered against THE REPUBLIC OF CUBA; and THE REPUBLIC OF CUBA has satisfied only $203,659.59 of the judgment. Plaintiff received a payment on the Judgment on May 10, 2005, in the amount of $199,659.59. This amount was paid to Plaintiff by the United States Department of Treasury, Office of Foreign Asset Control, from frozen Cuban assets. In addition, in 2003 the Plaintiff executed upon and received the proceeds from the auction of a small biplane owned by the Cuban Government, in the amount of $7,000. The total amount of the principal of the Judgment which remains unsatisfied is $26,968,340.41. Plaintiff requests entry of judgment by the United States District Court for the Southern District of New York in the amount of $26,968,340.41.

6.      A response to the Summons and Complaint is required to be submitted to the court, not later than sixty (60) days after these documents are received. The response may present jurisdictional defenses (including defenses relating to state immunity).

Tew Cardenas LLP
Four Seasons Tower, 15th Floor, 1441 Brickell Avenue, Miami, Florida 33131-3407 • 305-536-1112

7.  The failure to submit a timely response to the court can result in a Default Judgment and a request for execution to satisfy the judgment. If a default judgment has been entered, a procedure may be available to vacate or open that judgment.

8.  Questions relating to state immunities and to the jurisdiction of the United States courts over foreign states are governed by the Foreign Sovereign Immunities Act of 1976, which appears in sections 1330, 1391(f), 1441(d) and 1602 through 1611 of Title 28, United States Code (Pub. L. 94-583; 90 Stat. 2891). A copy of the Foreign Sovereign Immunities Act (along with a Spanish translation) is attached hereto at Exhibit "A".

Date: July 26, 2007

Respectfully submitted,

By: _____
Joseph A. DeMaria, Esq. (JD 5668)
jad@tewlaw.com
Bryan T. West, Esq. (BW 8739)
btw@tewlaw.com
**Counsel for Plaintiff**
Tew Cardenas LLP
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Phone: 305.536.1112
Facsimile: 305.536.1116

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;436465;1

3