# EXHIBIT "A"

# United States Code

**Title 28** - Judiciary and Judicial Procedure
**Part IV** - Jurisdiction and Venue
**Chapter 97** - Jurisdictional Immunities of Foreign States

## Sec. 1602 - Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

―――――――――――

## Sec. 1603 - Definitions

For purposes of this chapter -

(a) A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

(b) An "agency or instrumentality of a foreign state" means any entity -
    (1) which is a separate legal person, corporate or otherwise, and
    (2) which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
    (3) which is neither a citizen of a State of the United States as defined in section 1332 (c) and (d) of this title, nor created under the laws of any third country.

(c) The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

(d) A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

(e) A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

**Sec. 1604 - Immunity of a foreign state from jurisdiction**

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

_____

**Sec. 1605 - General exceptions to the jurisdictional immunity of a foreign state**

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case -

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to -

(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

(6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and

enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable; or

(7) not otherwise covered by paragraph (2), in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign state while acting within the scope of his or her office, employment, or agency, except that the court shall decline to hear a claim under this paragraph -

    (A) if the foreign state was not designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) at the time the act occurred, unless later so designated as a result of such act or the act is related to Case Number 1:00CV03110(EGS) in the United States District Court for the District of Columbia; and

    (B) even if the foreign state is or was so designated, if -

        (i) the act occurred in the foreign state against which the claim has been brought and the claimant has not afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with accepted international rules of arbitration; or

        (ii) neither the claimant nor the victim was a national of the United States (as that term is defined in section 101(a)(22) of the Immigration and Nationality Act) when the act upon which the claim is based occurred.

(b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: Provided, That -

    (1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

    (2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

(c) Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed,

a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

(d) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in the Ship Mortgage Act, 1920 (46 U.S.C. 911 and following). Such action shall be brought, heard, and determined in accordance with the provisions of that Act and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

(e) For purposes of paragraph (7) of subsection (a) -
    (1) the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991;
    (2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages; and
    (3) the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation.

(f) No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the cause of action arose. All principles of equitable tolling, including the period during which the foreign state was immune from suit, shall apply in calculating this limitation period.

(g) Limitation on Discovery. -
    (1) In general. -
        (A) Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604, but for subsection (a)(7), the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.
        (B) A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

(2) Sunset. -

(A) Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

(B) After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would -

(i) create a serious threat of death or serious bodily injury to any person;

(ii) adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

(iii) obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

(3) Evaluation of evidence. - The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

(4) Bar on motions to dismiss. - A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

(5) Construction. - Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

---

## Sec. 1606 - Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## Sec. 1607 - Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim -

(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or

(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

**Sec. 1608 - Service; time to answer; default**

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services - and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state -

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made.

(c) Service shall be deemed to have been made -
>    (1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and
>    (2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

---

## Sec. 1609. - Immunity from attachment and execution of property of a foreign state

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

---

## Sec. 1610 - Exceptions to the immunity from attachment or execution

(a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if -
>    (1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or
>    (2) the property is or was used for the commercial activity upon which the claim is based, or
>    (3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or
>    (4) the execution relates to a judgment establishing rights in property -
>    >    (A) which is acquired by succession or gift, or
>    >    (B) which is immovable and situated in the United States:  Provided, That such property is not used for purposes of maintaining a diplomatic or consular mission or

the residence of the Chief of such mission, or

(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6) the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7) the judgment relates to a claim for which the foreign state is not immune under section 1605(a)(7), regardless of whether the property is or was involved with the act upon which the claim is based.

(b) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if -

(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a)(2), (3), (5), or (7), or 1605(b) of this chapter, regardless of whether the property is or was involved in the act upon which the claim is based.

(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if -

(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

(e) The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).

(f) (1)

(A) Notwithstanding any other provision of law, including but not limited to section 208(f) of the Foreign Missions Act (22 U.S.C. 4308(f)), and except as provided in subparagraph

(B), any property with respect to which financial transactions are prohibited or regulated pursuant to section 5(b) of the Trading with the Enemy Act (50 U.S.C. App. 5(b)), section 620(a) of the Foreign Assistance Act of 1961 (22 U.S.C. 2370(a)), sections 202 and 203 of the International Emergency Economic Powers Act (50 U.S.C. 1701-1702), or any other proclamation, order, regulation, or license issued pursuant thereto, shall be subject to execution or attachment in aid of execution of any judgment relating to a claim for which a foreign state (including any agency or instrumentality or such state) claiming such property is not immune under section 1605(a)(7).

(B) Subparagraph (A) shall not apply if, at the time the property is expropriated or seized by the foreign state, the property has been held in title by a natural person or, if held in trust, has been held for the benefit of a natural person or persons.

(2)

(A) At the request of any party in whose favor a judgment has been issued with respect to a claim for which the foreign state is not immune under section 1605(a)(7), the Secretary of the Treasury and the Secretary of State should make every effort to fully, promptly, and effectively assist any judgment creditor or any court that has issued any such judgment in identifying, locating, and executing against the property of that foreign state or any agency or instrumentality of such state.

(B) In providing such assistance, the Secretaries -

(i) may provide such information to the court under seal; and

(ii) should make every effort to provide the information in a manner sufficient to allow the court to direct the United States Marshall's office to promptly and effectively execute against that property.

(3) Waiver. - The President may waive any provision of paragraph (1) in the interest of national security.

----------------------

## Sec. 1611 - Certain types of property immune from execution

(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if -

(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2) the property is, or is intended to be, used in connection with a military activity and

(A) is of a military character, or
(B) is under the control of a military authority or defense agency.

(c) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

# CAPÍTULO 97 – DERECHOS DE INMUNIDAD EXTRATERRITORIAL DE PAÍSES EXTRANJEROS

### § 1602.  Fundamentos y declaración de propósito

El Congreso declara que las decisiones emanadas de las cortes federales de los Estados Unidos de América sobre las demandas de protección de inmunidad presentadas por los países extranjeros ante la aplicabilidad de la jurisdicción extraterritorial de tales cortes sirve a los intereses de la justicia y protege los derechos, tanto del país extranjero como del demandante, en las cortes federales de los EE.UU. Conforme a las normas del Derecho Internacional, los estados no gozan de inmunidad ante la aplicabilidad de la jurisdicción extraterritorial de las cortes extranjeras en la medida en que su actividad comercial esté comprometida y sus bienes comerciales afectados puedan ser objeto de embargo para lograr la ejecución de sentencias dictadas en su contra respecto de tales actividades comerciales. A partir de ahora, las demandas de protección de inmunidad presentadas por los países extranjeros deberían recaer bajo la jurisdicción de las cortes federales y estatales de los EE.UU. en conformidad con los principios que se establecen en el presente capítulo.

(Agregado Pub. L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892.)

### § 1603.  Definiciones

A los fines de este capítulo

(a) Excepto el sentido que se le atribuye en el artículo 1608, el término "país extranjero" comprende la subdivisión política de un país extranjero, o un representante u órgano de un país extranjero según la definición del inciso (b).

(b)"Representante u órgano" de un país extranjero se refiere a la entidad

(1) que es una persona jurídica independiente, ya sea una sociedad o de algún otro tipo, y

(2) que es un órgano o una subdivisión política de un país extranjero, o una entidad cuyos intereses o derechos de propiedad mayoritarios pertenecen al país extranjero o a una subdivisión política de éste; y

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

900

(3) que no es ciudadano de los EE.UU. según la definición del artículo 1332 (c) y (d) de este título, ni creado en conformidad con la legislación de un tercer país.

(c) Los "Estados Unidos de América" comprende todo el territorio y las aguas, continentales e insulares, que están sujetos a la jurisdicción territorial de los EE.UU.

(d) "Actividad comercial" se refiere al giro comercial regular o a una transacción comercial determinada. El carácter comercial de una actividad se determina de acuerdo con el giro de la conducta, la transacción o el acto particular más que por su propósito.

(e) Una "actividad comercial desarrollada por un país extranjero en los EE.UU." se refiere a la actividad comercial desarrollada por dicho país en contacto substancial con los EE.UU.

(Agregado Pub. L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892.)

§1604. Inmunidad de los países extranjeros ante la aplicabilidad de la jurisdicción extraterritorial

Sujeto a lo establecido en los convenios internacionales en vigencia, de los cuales los EE.UU. sea signatario a la fecha de sanción de la presente ley, los países extranjeros gozan de la protección de inmunidad ante la aplicabilidad de la jurisdicción extraterritorial de las cortes federales y estatales de los EE.UU., con excepción de los casos contemplados en los artículos 1605 a 1607 de este capítulo.

(Agregado Pub. L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2892.)

§ 1605. Excepciones generales a la aplicación de la jurisdicción extraterritorial a países extranjeros

(a) Ningún país extranjero tiene inmunidad ante la aplicabilidad de la jurisdicción extraterritorial federal o estatal de los EE.UU. en los siguientes supuestos:

(1) si el país extranjero renunció al derecho de inmunidad, ya sea expresa o tácitamente, sin perjuicio de que pretenda retirar la renuncia, excepto que su demanda se encuadre en los términos de la renuncia misma;

(2) si la acción versa sobre una actividad comercial desarrollada por el país extranjero en los EE.UU.; o sobre un acto realizado en los EE.UU. en relación con una actividad comercial desarrollada por el país extranjero en cualquier lugar; o sobre un acto realizado fuera de los EE.UU. en relación con una

actividad comercial desarrollada por el país extranjero en cualquier lugar si dicho acto tiene efectos directos en los EE.UU.;

(3) si existe controversia respecto de derechos de propiedad sobre bienes usurpados en violación de las normas de derecho internacional, y dichos bienes, u otros entregados a cambio de ellos, están asentados en el territorio de los EE.UU. y tienen relación con una actividad comercial llevada a cabo por el país extranjero en los EE.UU.; o dichos bienes, u otros entregados a cambio de ellos, son propiedad de un representante u órgano del país extranjero o administrados por éstos, y dicho representante u órgano desarrolla una actividad en los EE.UU.;

(4) si existe controversia respecto de derechos de propiedad sobre bienes asentados en los EE.UU. adquiridos por sucesión o donación, o sobre bienes inmuebles asentados en los EE.UU.;

(5) si el supuesto no está comprendido en el párrafo (2), cuando se pretenda que un país extranjero otorgue una indemnización por daños y perjuicios en razón de lesiones a personas o muerte, o daño a los bienes o pérdida de bienes en el territorio de los EE.UU. y causados por actos ilícitos u omisiones cometidos por el país extranjero o sus funcionarios o empleados durante el desempeño de sus funciones como tales; no obstante, este párrafo no se aplica a los siguientes supuestos:

(A) si la demanda se basa en el ejercicio o desempeño, o en el incumplimiento del ejercicio o desempeño, de funciones discrecionales, sin perjuicio del abuso del derecho discrecional de obrar, o

(B) si la demanda se basa en acusación maliciosa, abuso de derecho, difamación impresa, difamación oral, declaración falsa, engaño o impedimento ilícito del cumplimiento de derechos contractuales;

(6) si la acción se inicia para exigir el cumplimiento de un convenio celebrado entre el país extranjero y una parte privada, en beneficio de ésta, cuyo objeto sea someter a arbitraje las controversias surgidas o que pudieren surgir entre las partes con respecto a una relación jurídica definida, ya fuere contractual o extracontractual, relativa a un objeto controvertido que pudiera ser dirimido por árbitros conforme a la legislación de los EE.UU., o bien para homologar un laudo pronunciado en conformidad con tal acuerdo de arbitraje, en el caso de que (A) la sede de arbitraje sea, o se pretenda que sea, los EE.UU.; (B) el acuerdo de arbitraje o el laudo se rijan, o puedan regirse, por un tratado u otro tipo de convenio internacional vigente que exija el reconocimiento y cumplimiento de laudos por los EE.UU.; (C) la demanda subyacente, excepto el acuerdo de arbitraje, hubiere dado lugar a una acción iniciada en cortes de los EE.UU. en conformidad con el presente artículo o el artículo 1607; o

(D) el párrafo (1) de este inciso se aplique a otros supuestos; o

(7) si el supuesto no está comprendido en el párrafo (2), en virtud del cual se pretenda que un país extranjero otorgue una indemnización por daños y perjuicios en razón de lesiones o muerte provocada por actos de tortura, ejecución de persona sin el debido proceso judicial, sabotaje de aeronave, toma de rehenes o suministro de apoyo o recursos esenciales (definido en el artículo 2339A del título 18) para realizar tales actos, en el supuesto de que tales actos o el suministro de apoyo esencial sean obra de funcionarios, empleados o representantes de dicho país durante el desempeño de sus funciones como tales; no obstante, la corte puede declararse incompetente para entender una acción interpuesta en los términos del presente párrafo en los siguientes supuestos:

(A) si, a la fecha de comisión del acto, el país en cuestión no había sido designado promotor del terrorismo de estado conforme al artículo 6(j) de la Ley de Administración de Exportaciones [*Export Administration Act*] de 1979 (Título 50 del U.S.C. Ap. 2405(j), o al artículo 620A de la Ley de Ayuda Extranjera [*Foreign Assistance Act*] de 1961 (Título 22 del U.S.C. Sec. 2371), excepto que tal designación recaiga sobre el país extranjero en el futuro como consecuencia de la comisión de tales actos, o tal acto tenga relación con la Causa Nº 1: 00CV03110 (EGS), que tramita en la Corte Federal del Distrito de Columbia; y

(B) aun cuando tal designación recaiga sobre el país extranjero, si

(i) el acto ocurrió en el país contra el que se entabla la demanda, y el demandante no concedió a dicho país una justa oportunidad de someter la demanda a arbitraje conforme a las normas internacionales de arbitraje aceptadas; o

(ii) ni el demandante ni la víctima eran ciudadanos de los EE.UU. (según la definición del artículo 101(a)(22) de la Ley de Inmigración y Nacionalidad) a la fecha en que se cometió el acto objeto de la demanda.

(b) Ningún país extranjero tiene inmunidad ante la aplicabilidad de la jurisdicción extraterritorial federal o estatal de los EE.UU. en el supuesto de acciones regidas por el derecho marítimo, entabladas con el objeto de exigir el cumplimiento de embargos marítimos en contra de buques o cargamentos de bandera extranjera si el embargo en cuestión se funda en una actividad comercial desarrollada por el país extranjero; *queda establecido que*

(1) la demanda se debe diligenciar mediante notificación de una copia de la citación del demandado y de la persona o al representante de la persona en cuyo poder están el buque o el cargamento objeto del embargo marítimo trabado; si el buque o el cargamento se embargan en virtud de un proceso favorable para el demandante, el diligenciamiento del arresto constituye notificación válida de la demanda, pero el demandante correrá con todos los gastos en los que el país extranjero incurriere como resultado del embargo si el demandante tuviere conocimiento real o presunto de que el buque o el cargamento de un país extranjero estaban afectados a una acción judicial; y

(2) la demanda se debe notificar al país extranjero, conforme al artículo 1608 del presente título, en el plazo de 10 días contados a partir de la notificación de la demanda según lo previsto en el párrafo (1) de este inciso o, en el supuesto de desconocimiento, por el demandante, de que el buque o el cargamento de un país extranjero estaban afectados a una acción judicial, a partir de la fecha en la que el demandante determina la existencia del derecho del país extranjero.

(c) Si la demanda se notifica conforme al inciso (b)(1), la acción para exigir el cumplimiento judicial del embargo marítimo procederá, tramitará y se resolverá de acuerdo con los principios de derecho y las normas de procedimiento referidas a la acción contra la cosa, siempre que una acción de esta naturaleza procediera en razón de que un particular tuviera la propiedad y tenencia del buque. La sentencia dictada contra el país extranjero puede incluir las costas judiciales y, en caso de comprender la obligación de pago de dinero, los intereses que la corte determine; sin embargo, la corte no es competente para dictar sentencia en contra del país extranjero por una cantidad superior al valor del buque o el cargamento contra el que se trabó el embargo marítimo. Tal valor se debe determinar en la fecha de diligenciamiento de la notificación conforme al inciso (b) (1). Los fallos serán apelables y estarán sujetos a revisión por el tribunal superior conforme se dispone en otros casos regidos por el derecho y la jurisdicción marítimos. En todos los casos que corresponda, el actor tiene derecho de perseguir la reparación de sus derechos personales en la misma causa entablada para exigir el cumplimiento de un embargo marítimo en los términos previstos en el presente artículo.

(d) Ningún país extranjero tiene inmunidad ante la aplicabilidad de la jurisdicción extraterritorial federal o estatal de los EE.UU. en el supuesto de acciones entabladas con el objeto de ejecutar hipotecas constituidas en primer grado, conforme a la definición de la Ley de Hipotecas Marítimas [*Ship Mortgage Act*] de 1920 (Título 46 del U.S.C., § 911 y siguientes). La acción se debe entablar, tramitar y resolver de acuerdo con las disposiciones de la ley señalada y de acuerdo con los principios de derecho y las normas de procedimiento referidas a la acción contra la cosa, siempre que una acción de esta naturaleza procediera en razón de que un particular tuviera la propiedad y tenencia del buque.

(e) A los efectos del párrafo (7) del inciso (a),

(1) los términos "tortura" y "ejecución de persona

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

902

sin el debido proceso judicial" tienen el significado que se les atribuye en el artículo 3 de la Ley de Protección a las Víctimas de Tortura [*The Torture Victim Protection Act*] de 1991;

(2) el término "toma de rehenes" tiene el significado que se le atribuye en la Sección 1 de la Convención Internacional en contra de la Toma de Rehenes; y

(3) el término "sabotaje de aeronave" tiene el significado que se le atribuye en la Sección 1 de la Convención para la Supresión de Actos Ilegales contra la Seguridad de la Aviación Civil.

(f) No procederán las acciones conformes al inciso (a)(7) entabladas después de 10 años de ocurrido el incidente objeto de la acción. Para calcular el período de prescripción para plantear acción judicial, se aplican todos los principios de suspensión de la acción judicial previstos en el sistema de *Equity*, incluso el principio relativo al período de inmunidad del país extranjero.

(g) **Restricción a la producción de prueba extrajudicial.**

(1) **Disposiciones generales.**

(A) Sujeto al párrafo (2), en el supuesto de que se entablen acciones que pudieren ser repelidas en virtud del artículo 1604 de no estar contempladas en el inciso (a)(7), La corte, a petición del Fiscal General de la Nación, suspenderá las solicitudes, intimaciones y órdenes judiciales de producción de prueba extrajudicial respecto de los EE.UU. que, a criterio del Fiscal General, constituyeran un impedimento significativo para investigaciones o denuncias penales u operaciones nacionales de seguridad relacionadas con el incidente objeto de la acción, y dicho aplazamiento persistirá hasta que el Fiscal General informe a la corte que tales solicitudes, intimaciones y órdenes judiciales ya no constituyen impedimento alguno.

(B) Conforme a este párrafo, la suspensión tendrá vigencia durante un período de 12 meses a partir de la fecha de la orden judicial pertinente. A petición del Fiscal General, la corte puede renovar la orden de suspensión de producción de prueba extrajudicial por períodos extra de 12 meses si, a criterio del Fiscal General, constituyera un impedimento significativo para investigaciones o denuncias penales u operaciones nacionales de seguridad relacionadas con el incidente objeto de la acción.

(2) **Caducidad del plazo.** (A) Sujeto al apartado (B), no se concederán suspensiones de producción de prueba extrajudicial, ni continuarán en vigencia los plazos concedidos conforme al párrafo (1), una vez cumplidos 10 años desde la fecha en la que ocurrió el incidente objeto de la acción.

(B) Una vez transcurrido el plazo indicado en el apartado (A), a solicitud del Fiscal General, la corte puede suspender las solicitudes, intimaciones y órdenes judiciales de producción de prueba

extrajudicial respecto de la Corte Suprema de los EE.UU. sobre las cuales el tribunal declare que existen probabilidades ciertas de que

(i) constituyan grave amenaza de muerte o de lesión corporal a cualquier persona;

(ii) perjudiquen la capacidad de los EE.UU. de trabajar en cooperación con organismos extranjeros e internacionales a cargo del cumplimiento de las leyes para investigar violaciones a las leyes de los EE.UU.; u

(iii) obstaculicen la causa penal relacionada con el incidente objeto de la acción o minimicen las posibilidades de dictar condena en tal causa.

(3) **Valoración de la prueba.** La corte debe valorar las solicitudes de suspensión conforme a este inciso presentadas por el Fiscal General bajo procedimiento no contencioso y en audiencia a puertas cerradas.

(4) **Nulidad de solicitud de desistimiento de la acción.** La suspensión de producción de prueba extrajudicial conforme a este inciso constituye un impedimento para que se haga lugar a una solicitud de desistimiento de la acción conforme a las normas 12(b)(6) y 56 de las Normas Federales de Procedimiento Civil.

(5) **Interpretación.** El presente inciso no debe interpretarse como que hay un impedimento a los EE.UU., de emitir órdenes de protección o hacer valer privilegios que comúnmente lo asisten.

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

903

## §1606.  Alcance de la responsabilidad

Con relación a la demanda de reparación de un perjuicio respecto de la cual un país extranjero no tiene protección de inmunidad en los términos de los artículos 1605 ó 1607 del presente capítulo, dicho país es responsable como lo sería una persona física en circunstancias similares; no obstante, el país extranjero, excepto un representante u órgano suyo, no es responsable de los daños y perjuicios punitivos [*punitive damages*]; sin embargo, en los casos en los que hay una muerte involucrada, si la ley local del lugar en el que se cometió el acto o la omisión ordena sólo el pago de daños y perjuicios punitivos, o se la interpreta en tal sentido, el país extranjero debe pagar los daños y perjuicios reales o compensatorios calculados sobre la base del perjuicio económico provocado por dicha muerte a las personas beneficiarias de la demanda entablada.

## §1607.  Reconvención

No se otorgará la protección de inmunidad a ningún país extranjero con respecto a ninguna reconvención, presentada en una causa promovida por tal país —o en la cual éste tenga participación— en una corte federal o estatal de los EE.UU., en los siguientes supuestos:

(a) si tal causa se hubiera promovido como una demanda independiente en contra del país extranjero y no correspondiera otorgarle protección de inmunidad conforme al artículo 1605 de este capítulo;

(b) si la reconvención surgiera de la transacción o el hecho mismo que es el objeto de la demanda en contra del país extranjero;

(c) en la medida en que en la reconvención no se pretendiera una reparación del perjuicio por un importe que excediera o de una naturaleza que difiriera del importe o la naturaleza perseguidos por el país extranjero.

## §1608.  Diligenciamiento de notificaciones; plazo para la contestación; título en rebeldía

(a) Las notificaciones en la sede de las cortes federales y estatales de los EE.UU. se deben diligenciar al país extranjero o su subdivisión política conforme a alguno de los siguientes modos:

(1) mediante entrega de la copia de la citación y la demanda de acuerdo con el procedimiento particular que hubieren acordado al respecto el demandante y el país extranjero o su subdivisión política;

(2) en el supuesto de no haber acordado ningún procedimiento particular, mediante entrega de la copia de la citación y la demanda de acuerdo con la convención internacional aplicable al diligenciamiento de documentación procesal;

(3) si el diligenciamiento de notificaciones no es posible en los términos de los párrafos (1) y (2), se debe realizar mediante envío de la copia de la citación, la demanda la notificación de la causa incoada, y la traducción de cada documento al idioma nacional del país extranjero, por cualquier forma de envío con acuse de recibo, dirigida al Ministro de Relaciones Exteriores del país extranjero involucrado, trámite que pertenece a la esfera de las funciones del secretario de la corte; o

(4) si el diligenciamiento de notificaciones no es posible en el plazo de 30 días en los términos del párrafo (3), se debe realizar mediante envío de dos copias de la citación, la demanda, la notificación de la demanda incoada, y la traducción de cada documento al idioma nacional del país extranjero, por cualquier forma de envío con acuse de recibo, dirigida a la Secretaría de Estado con sede en Washington, Distrito de Columbia, para atención del Director de Servicios Consulares Especiales - trámite que pertenece a la esfera de las funciones del secretario de la corte; la Secretaría de Estado debe enviar una copia de la documentación al país extranjero por vía diplomática, y copia certificada de la nota respectiva con indicación de la fecha de envío por esa vía al secretario de la corte.

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

904

A los efectos del presente inciso, "notificación de la demanda incoada" se refiere a la notificación dirigida a un país extranjero en un formulario ordenado por la Secretaría de Estado.

(b) Las notificaciones en la sede de las cortes federales y estatales de los EE.UU. se deben diligenciar al representante u órgano del país extranjero conforme a alguno de los siguientes modos:

(1) mediante entrega de la copia de la citación y la demanda de acuerdo con el procedimiento particular que hubieren acordado al respecto el demandante y el representante u órgano;

(2) en el supuesto de no haber acordado ningún procedimiento particular, mediante entrega de la copia de la citación y la demanda a un funcionario, representante ejecutivo o general, o a otro representante autorizado por designación o por ley para recibir notificaciones de demandas incoadas en los EE.UU., o de acuerdo con la convención internacional aplicable al diligenciamiento de documentación procesal; o,

(3) si el diligenciamiento de notificaciones no es posible en los términos de los párrafos (1) y (2), y se prevé una notificación eficaz en términos razonables, se debe realizar mediante envío de la copia de la citación, la demanda y la traducción de cada documento al idioma nacional del país extranjero

(A) en los términos ordenados por una autoridad del país extranjero o de una subdivisión política de éste en respuesta a un exhorto o una solicitud; o

(B) por cualquier forma de envío con acuse de recibo, dirigida al representante u órgano destinatario, trámite que pertenece a la esfera de las funciones del secretario de la corte; o

(C) en los términos ordenados por la corte en consonancia con la ley local del lugar en el que se deben diligenciar las notificaciones.

(c) Las notificaciones se consideran diligenciadas si cumplen las siguientes pautas:

(1) en el supuesto previsto en el inciso (a)(4), a partir de la fecha de envío indicada en la copia certificada de la nota de envío diplomático; y

(2) en los demás supuestos previstos en este artículo, a partir de la fecha de recibo indicada en la certificación, con firma y acuse de recibo, o por otro medio de prueba aplicable al modo de diligenciamiento del caso.

(d) En las demandas incoadas en las cortes federales o estatales de los EE.UU., los países extranjeros, sus subdivisiones políticas, o sus representantes u órganos deben contestar la demanda o presentar otro escrito judicial con idéntico propósito en el plazo de sesenta (60) días contados a partir del diligenciamiento de las notificaciones en los términos de este artículo.

(e) Las cortes federales y estatales de los EE.UU. pueden dictar título en rebeldía en contra de un país extranjero, sus subdivisiones políticas, o sus representantes u órganos sólo en los supuestos en los que el demandante funde su demanda o derecho de reparación del perjuicio en pruebas que resulten satisfactorias a criterio de la corte. Se debe enviar copia de la declaración en rebeldía al país extranjero o su subdivisión política de acuerdo con el procedimiento establecido en este artículo respecto de los modos de diligenciamiento de notificaciones.

(Agregado Pub. L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2894).

## §1609. Inmunidad de embargo de bienes pertenecientes a países extranjeros y de ejecución de título en contra de ellos

Sujeto a lo establecido en los convenios internacionales vigentes de los cuales los EE.UU. sea signatario a la fecha de sanción de la presente ley, los bienes con asiento en los EE.UU. pertenecientes a países extranjeros gozan de la protección de la defensa de inmunidad en casos de embargo y de ejecución de título, salvo cuando configuren los casos previstos en los artículos 1610 y 1611 de este capítulo.

(Agregado Pub. L. 94-583, § 4(a), Oct. 21, 1976, 90 Stat. 2895).

## §1610. Excepciones a la defensa de inmunidad de embargo de bienes y de ejecución de título

(a) Los bienes con asiento en los EE.UU. pertenecientes a países extranjeros según la definición del artículo 1603(a) de este capítulo, usados con fines comerciales en los EE.UU. no gozan de la protección de inmunidad en casos de embargo para dar cumplimiento a una sentencia condenatoria, ni de ejecución de sentencia dictada por una corte federal o estatal de los EE.UU. con posterioridad a la fecha de entrada en vigencia de esta ley, en los siguientes supuestos:

(1) si el país extranjero renunció al derecho de inmunidad de embargo para dar cumplimiento a una sentencia condenatoria, o de ejecución de sentencia, ya sea expresa o tácitamente, sin perjuicio de que pretenda retirar la renuncia, excepto que su demanda se encuadre en los términos de la renuncia misma;

(2) si los bienes se usan o usaron para desarrollar la actividad comercial objeto de la demanda;

(3) si la ejecución se refiere a una sentencia que crea derechos de propiedad sobre bienes usurpados en violación de las normas de Derecho Internacional o entregados a cambio de bienes usurpados en violación de tales normas;

(4) si la ejecución se refiere a una sentencia que crea derechos de propiedad sobre bienes

(A) adquiridos por sucesión o donación, o

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

905

(B) bienes inmuebles asentados en los EE.UU.: *no obstante*, las disposiciones previas no se aplican si tales bienes se usan para albergar misiones diplomáticas o consulares o como sede de los funcionarios a cargo de ellas;

(5) si los bienes están afectados a una obligación contractual o su producido, cuyo objeto sea eximir de responsabilidad al país extranjero o sus empleados conforme a normas de seguros de automotores u otros tipos de seguros de responsabilidad civil o por accidente que cubran el monto o la naturaleza de la reclamación otorgada en la sentencia;

(6) si la sentencia se funda en una orden judicial homologatoria del laudo dictado còntra el país extranjero, con la condición de que el embargo que permita ejecutarla, o la ejecución misma de la sentencia, no sean contrarios a las disposiciones del acuerdo arbitral;

(7) la sentencia se refiere a una demanda respecto de la cual el país extranjero no tiene inmunidad conforme al artículo 1605(a)(7), sin perjuicio de que el bien afectado tenga o haya tenido relación con el acto objeto de la demanda.

(b) A los supuestos contemplados en el inciso (a) se agrega los bienes con asiento en los EE.UU. pertenecientes a representantes u órganos de un país extranjero, usados con fines comerciales en los EE.UU. no gozan de la protección de inmunidad de embargo para dar cumplimiento a una sentencia condenatoria, ni de ejecución de sentencia dictada por una corte federal o estatal de los EE.UU. con posterioridad a la fecha de entrada en vigencia de esta ley, en los siguientes supuestos:

(1) si el representante u órgano mencionado renunció al derecho de inmunidad de embargo para dar cumplimiento a una sentencia condenatoria, ni de ejecución de sentencia, ya sea expresa o tácitamente, sin perjuicio de que pretenda retirar la renuncia, excepto que su demanda se encuadre en los términos de la renuncia misma;

(2) si la sentencia se refiere a una demanda respecto de la cual el representante u órgano mencionado no tiene inmunidad conforme al artículo 1605(a)(2), (3), (5) o (7), o 1605(b) de este capítulo, sin perjuicio de que el bien afectado tenga o haya tenido relación con el acto objeto de la demanda.

(c) Las órdenes de embargo y de ejecución de sentencia a las que se refieren los incisos (a) y (b) de este artículo no procederán hasta que la corte dicte la orden respectiva una vez que haya determinado que transcurrió un plazo suficiente entre la fecha de la fallo y la de la notificación de algún acto procesal exigido por el artículo 1608(e) de este capítulo.

(d) Los bienes pertenecientes a un país extranjero según la definición del artículo 1603(a) de este capítulo, usados con fines comerciales en los EE.UU., no gozan de la protección de inmunidad de embargo emanada con anterioridad al fallo dictado en una acción entablada en una corte federal o estatal de

los EE.UU., ni con anterioridad al plazo que debe transcurrir según lo estipulado en el inciso (c) de este artículo en los siguientes supuestos:

(1) si el país extranjero renunció expresamente al derecho de inmunidad de embargo con anterioridad al fallo respectivo, y

(2) si el objeto del embargo es la garantía de cumplimiento de una sentencia dictada, o que, en última instancia, pueda ser dictada en contra del país extranjero, en lugar del otorgamiento de jurisdicción.

(e) Los buques pertenecientes a un país extranjero no gozan de la protección de inmunidad de embargo marítimo contra la cosa, la venta ordenada en sentencia interlocutoria y la ejecución de sentencia en acciones entabladas con el objeto de ejecutar hipotecas constituidas en primer grado según la definición del artículo 1605(d).

(f)(1)(A) Sin perjuicio de las demás disposiciones legales, entre ellas, el artículo 208(f) de la Ley de Misiones Extranjeras [*Foreign Missions Act*] (22 U.S.C. 4308(f)), y salvo lo previsto en el inciso (B), los bienes que no pueden ser objeto de transacción comercial por estar ello prohibido o regulado por el artículo 5(b) de la Ley de Relaciones Comerciales con el Enemigo [*Trading with the Enemy Act*] (50 U.S.C. App. 5(b)), el artículo 620(a) de la Ley de Ayuda Extranjera [*Foreign Assistance Act*] de 1961 (22 U.S.C. 2370(a)), los artículos 202 y 203 de la Ley Internacional de Poderes Económicos de Emergencia [*International Emergency Economic Powers Act*] (50 U.S.C. 1701-1702), y otras declaraciones, órdenes, reglamentaciones, o autorizaciones emitidas a efectos de dicha prohibición o regulación, quedan afectados a la ejecución de sentencias o los embargos pertinentes que permitan ejecutar sentencias en causas respecto de las cuales el país extranjero (y sus representantes u órganos) que reivindica el bien como propio no tiene protección de inmunidad conforme al artículo 1605(a)(7).

(B) El apartado (A) no será de aplicación si, a la fecha de expropiación o confiscación por el país extranjero, una persona natural tenía el dominio del bien o, si éste estaba en fideicomiso, lo estaba para el beneficio de una o varias personas naturales.

(2)(A) A solicitud de la parte favorecida por el fallo en la causa respecto de la cual el país extranjero no tiene protección de inmunidad conforme al artículo 1605(a)(7), corresponde al Secretario de Hacienda y el Secretario de Estado hacer el mayor esfuerzo posible y colaborar de forma integral, oportuna y eficaz con el acreedor resultante en la sentencia o la corte que la haya dictado para identificar y encontrar los bienes del país extranjero o sus representantes u órganos, y ejecutar la sentencia contra ellos.

(B) Con motivo de la colaboración que presten, dichos Secretarios

(i) pueden ofrecer la información a la corte de forma confidencial; y

(ii) se les recomienda que se esfuercen por aportar la información de forma suficiente y, así, permitir que la corte dicte la orden de ejecución de sentencia, dirigida al oficial de justicia, para que éste proceda a cumplirla oportuna y eficazmente contra los bienes mencionados

(3) **Renuncia de derechos.** — El presidente puede renunciar a los derechos otorgados por el párrafo (1) si ello redunda en interés de la seguridad nacional.

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

907

**§1611. Determinadas categorías de bienes no afectados a la ejecución de sentencias**

(a) Sin perjuicio de las disposiciones del artículo 1610 de este capítulo, los bienes pertenecientes a las organizaciones que, en virtud de la facultad discrecional del Presidente, gocen de la protección de los privilegios, las exenciones e inmunidades establecidas en la Ley de Inmunidades de Organizaciones Internacionales [*International Organizations Immunities Act*], no son objeto de embargo ni de otros actos procesales ante la proximidad de pago de indemnizaciones a un país extranjero, o a su orden, resultantes de acciones entabladas en las cortes federales o estatales de los EE.UU.

(b) Sin perjuicio de las disposiciones del artículo 1610 de este capítulo, los bienes pertenecientes a un país extranjero gozan de la protección de la inmunidad de embargo y de ejecución de sentencia en los siguientes supuestos:

(1) si son de propiedad de un banco central extranjero o una autoridad monetaria, salvo que éstos o el gobierno extranjero del que dependen hayan renunciado expresamente a la protección de inmunidad de embargo para dar cumplimiento a sentencias condenatorias, y de ejecución de sentencia, sin perjuicio de que pretendan retirar la renuncia, excepto que su demanda se encuadre en los términos de la renuncia misma; o

(2) si están afectados o destinados a actividades militares, y

(A) pertenecen a la clase militar; o

(B) están en poder de autoridades militares u organismos de defensa.

(c) Sin perjuicio de las disposiciones del artículo 1610 de este capítulo, los bienes pertenecientes a un país extranjero gozan de la protección de inmunidad de embargo y ejecución de sentencia en causas entabladas conforme al artículo 302 de la Ley Cubana de Libertad y Solidaridad Democrática (LIBERTAD) [*Cuban Liberty and Democratic Solidarity Act*] de 1996, en la medida en que consistan en inmuebles o instalaciones afectadas a misiones diplomáticas reconocidas con fines oficiales.

Véase las Versiones Comentadas Completas en el Título 28 del U.S.C.A.

908

## <u>CERTIFICATE OF TRANSLATION</u>

UNITED STATES OF AMERICA )
STATE OF FLORIDA            )
MIAMI-DADE COUNTY............)

     I, **ADRIANA SCHAKED**, the undersigned, hereby swear that I am fluent in both **SPANISH AND ENGLISH** and that I am qualified to translate from **ENGLISH TO SPANISH**. I hereby certify that the foregoing document(s) is/are a true and correct Spanish translation to the best of my ability of the attached English that was provided to me: *LEGAL AUTHORITY (9 PAGES)*

**ADRIANA SCHAKED**
**P.O. Box  630635**
**North Miami, FL 33163**

**BEFORE ME, A NOTARY PUBLIC IN AND FOR THE STATE OF FLORIDA AT LARGE, PERSONALLY APPEARS ADRIANA SCHAKED, WHO AFTER BEING DULY SWORN, DEPOSES AND SAYS THAT SHE IS FULLY VERSED IN THE ENGLISH AND THE SPANISH LANGUAGES, AND THAT THIS/THESE IS/ARE A TRUE AND CORRECT TRANSLATION OF THE ATTACHED DOCUMENT(S).**

**SWORN TO AND SUBSCRIBED THIS** _2 6_ **DAY OF** _May_ **, A.D., 200 1**

**NOTARY PUBLIC STATE OF FLORIDA**
**AT LARGE**

**MY COMMISSION EXPIRES:**

ANDREW REICH
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # DD032304
EXPIRES 6/7/2005
BONDED THRU 1-888-NOTARY1

The utmost care has been taken to ensure the accuracy of the translation. Adriana Schaked shall not be liable for any damages due to negligence or error in typing or translating.