UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARGARITA MARTINEZ,

    Plaintiff,

vs.

                                      Case No. 07 CV 6607 (VM)

THE REPUBLIC OF CUBA,

    Defendant.
_____/

### DECLARATION OF JOSEPH A. DEMARIA IN SUPPORT OF PLAINTIFF ANA MARGARITA MARTINEZ' APPLICATION FOR CLERK TO ENTER DEFAULT AGAINST THE REPUBLIC OF CUBA

JOSEPH A. DEMARIA, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the Bar of the United States District Court for the Southern District of New York and am a partner in the law firm of Tew Cardenas LLP, counsel to Plaintiff Ana Margarita Martinez in the above-captioned matter. I submit this declaration in conjunction with, and in support of, Plaintiff Ana Margarita Martinez' ("Plaintiff" or "Ms. Martinez") Application for Clerk to Enter Default Against the Republic of Cuba, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1 of the Local Rules of the United States District Court for the Southern District of New York. This declaration is based on my personal knowledge.

2. On July 23, 2007, Ms. Martinez filed her Complaint in this Court for an action on a judgment against the Republic of Cuba. (Docket Entry 1). Plaintiff's Complaint seeks to have this Court recognize, pursuant to the Full Faith and Credit clause of Article IV, §1 of the United States Constitution (as implemented by 28 U.S.C. §1738), a final judgment entered in her favor against the Republic of Cuba, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602, <u>et seq.</u>

("FSIA"), in the case styled as <u>Ana Margarita Martinez v. The Republic of Cuba</u>, Case No. 99-18008 CA 20. The Florida state court judgment awarded Ms. Martinez compensatory damages in the amount of $7,175,000.00.

3. The Republic of Cuba is foreign state within the meaning of Foreign Sovereign Immunities Act, 28 U.S.C. §1603(a)("FSIA"). The Republic of Cuba is not an infant, not in the military, and not an incompetent person within the meaning of Local Civil Rule 55.1.

4. A summons was issued for the Republic of Cuba by the Clerk of the Court on July 23, 2007. As there is no special arrangement for service of process on the Republic of Cuba, and there is no applicable international convention on the service of judicial documents on the Republic of Cuba (see 28 USC §§ 1608(a)(1) & (2)), on July 23, 2007, the Clerk commenced service on the Republic of Cuba, pursuant to Rule 4(f)(2)(c)(ii) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1608(a)(3), by sending the summons, Complaint and Notice of Suit, along with Spanish translations of each, to the Minister of Foreign Relations of the Republic of Cuba. (Docket Entry 6). The Republic of Cuba received service on August 20, 2007. A copy of the DHL service receipt is attached hereto at Exhibits "A").

5. Pursuant to the summons and §1608(d) of the FSIA, the Republic of Cuba was required to serve an answer or other responsive pleading to the Plaintiff's Complaint within 60 days of service. According to the DHL service receipt, the Republic of Cuba was properly served on August 20, 2007. Ex. D. The Republic of Cuba was therefore required to serve its responsive pleading on or before October 20, 2007.

6. The Republic of Cuba has not served any response to Plaintiff's Complaint within the time allotted for service, nor does the court record reflect an answer or responsive pleading filed

by the Republic of Cuba. Accordingly, the Republic of Cuba is in default, having failed to plead or otherwise defend this action within the meaning of Local Civil Rule 55.1.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 13, 2007.

                                          Joseph A. DeMaria, Esq.

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;496521;1