UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARGARITA MARTINEZ,

    Plaintiff,

vs.                                Case No. 07 CV 6607 (VM)

THE REPUBLIC OF CUBA,

    Defendant.
_____/

**PLAINTIFF ANA MARGARITA MARTINEZ' APPLICATION
FOR DEFAULT JUDGMENT AGAINST
THE REPUBLIC OF CUBA**

Plaintiff Ana Margarita Martinez ("Plaintiff" or "Ms. Martinez"), by and through undersigned counsel, and pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York, and the Default Judgment Procedures of United States District Judge Victor Marrero hereby requests that the Court enter a Default Judgment against Defendant, the Republic of Cuba, and states as follows:

1.    On July 23, 2007, Ms. Martinez commenced this action by filing her Complaint for an action on a judgment against the Republic of Cuba. Plaintiff's Complaint seeks to have this Court recognize, pursuant to the Full Faith and Credit clause of Article IV, §1 of the United States Constitution (as implemented by 28 U.S.C. §1738), a final judgment entered in her favor against the Republic of Cuba in the case styled as <u>Ana Margarita Martinez v. The Republic of Cuba</u>, Case No. 99-18008 CA 20 ("Florida Judgment"). The Florida Judgment awarded Ms. Martinez compensatory damages in the amount of $7,175,000.00.

2.      As explained in Plaintiff's Complaint, Plaintiff has received payments on her Florida state court judgment totaling $206,659.59. The total amount of the principal which remains unsatisfied is $6,968,340.41.

3.      Plaintiff's claims are brought pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602, et seq. ("FSIA"), which sets forth the procedures to follow in commencing an action and obtaining service of process upon a foreign state.

4.      A summons was issued for the Republic of Cuba by the Clerk of the Court on July 23, 2007, and the Clerk served the Republic of Cuba with copies of the Complaint, summons and Notice of Suit on August 20, 2007, pursuant to Rule 4(f)(2)(c)(ii) of the Federal Rules of Civil Procedure.

5.      Pursuant to the requirements outlined in the summons and §1608(d) of the FSIA, the Republic of Cuba was required to serve a response to the Complaint on or before October 20, 2007. The Republic of Cuba has not served any response to the Complaint within the time allotted for service. The Republic of Cuba is therefore in default.

6.      Ms. Martinez therefore requests that the Court enter a Default Judgment against the Republic of Cuba pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, Local Civil Rule 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York, and 28 U.S.C. §1608(e). In support of this request, Plaintiff submits the Declaration of Joseph A. DeMaria, Esq., pursuant to the Default Judgment Procedures of United States District Judge Victor Marrero, Southern District of New York. A copy of the DeMaria Declaration is attached hereto at Exhibit "A".

7. For entry of a default judgment against a foreign state, 28 U.S.C. §1608(e) requires plaintiff to establish her claim or right to relief by evidence satisfactory to the court. Ms. Martinez has established that she has a valid judgment against the Republic of Cuba based upon the intentional physical and emotional torture inflicted upon her by her husband during the scope of his employment as an agent for the Republic of Cuba. (DeMaria Decl. at ¶2-4). Ms. Martinez has filed with this Court a certified copy of Florida Judgment, which fully examined the thorough and sufficient evidence presented by Plaintiff against the Republic of Cuba. (DeMaria Decl. at ¶2-4). Finally, Ms. Martinez has established that a significant portion of the Florida Judgment remains unsatisfied. (DeMaria Decl. at ¶9). Ms. Martinez has presented satisfactory evidence to establish her right to the entry of a default judgment against the Republic of Cuba in this matter.[1]

8. In accordance with Local Rule 55.2(b), appended to this Application is the Clerk's Certificate of Default against the Republic of Cuba, which Ms. Martinez previously applied for in this matter [D.E. 11] and which the Orders and Judgments Clerk has informed undersigned counsel will be entered upon receipt of this Application. A copy of a proposed Clerk's Certificate of Default is attached to this Application at Exhibit "B".

9. Also appended to this Application at Exhibits "C" and "D" are copies of the Summons and Complaint in this action, to which the Republic of Cuba has not responded. A proposed Order entering Default Judgment is attached at Exhibit "E".

---

[1] The United States District Court for the Southern District of Florida entered a default judgment against the Republic of Cuba in favor of a similar claimant, finding that satisfactory evidence existed under similar circumstances. See McCarthy v. Republic of Cuba, 354 F. Supp. 2d 1347, 1349 (S.D. Fla. 2005). That Federal Judgment was registered in this Court and recognized in enforcement proceedings. See Castro v. Weininger, 462 F. Supp. 2d. 457, 466 (S.D.N.Y 2006)(Marrero, D.J.)

10. Reasonable notice of this Application for Default Judgment has been served upon the Republic of Cuba by DHL Express, in accordance with the Default Judgment Procedures of United States District Judge Victor Marrero, Southern District of New York, subsection A(2). A copy of the DHL Airbill is attached at Exhibit "F".

11. Finally, Ms. Martinez, in conjunction with this Application, is also filing a Statement of Damages, pursuant to Default Judgment Procedures of United States District Judge Victor Marrero, Southern District of New York, subsection "B". See Exhibit B to the DeMaria Declaration. As explained in the Declaration, Ms. Martinez is entitled to a final default judgment against the Republic of Cuba in the amount of the unsatisfied principal judgment ($6,968,340.41), plus accumulated interest at the Florida post-judgment rate from March 23, 2001 through the date of filing of this Application, December 4, 2007 ($5,228,762.19), plus interest on a per-diem basis until the date of entry of judgment by this Court. Once Final Judgment is entered in this matter, Plaintiff is entitled to post-judgment interest at the federal statutory rate, pursuant to 28 U.S.C. §1961.

WHEREFORE, Plaintiff Ana Margarita Martinez respectfully requests this Court enter a Default Judgment against the Republic of Cuba in the amount of $12,197,102.60, plus post judgment interest.

Respectfully submitted,

TEW CARDENAS LLP
*Counsel for Plaintiff*
Ana Margarita Martinez
1441 Brickell Avenue, 15th Floor
Miami, Florida 33131
Phone: 305 536-1112

By: _____
Joseph A. DeMaria (JD 5668)
Bryan T. West (BW 8739)

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served via DHL Worldwide Express on December 4, 2007, on the following:

REPUBLIC OF CUBA
Minister of Foreign Relations
Felipe Perez Roque
Calzada No. 360, Esquina AG
Vedado, Havana Cuba

_____
Joseph A. DeMaria

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;497646;1