# Exhibit "A"

Plaintiff Ana Margarita Martinez' Application for
Default Judgment Against the Republic of Cuba

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARGARITA MARTINEZ,

    Plaintiff,

vs.

Case No. 07 CV 6607 (VM)

THE REPUBLIC OF CUBA,

    Defendant.
_____/

**DECLARATION OF JOSEPH A. DEMARIA IN SUPPORT OF PLAINTIFF ANA MARGARITA MARTINEZ' APPLICATION FOR DEFAULT JUDGMENT AGAINST THE REPUBLIC OF CUBA**

JOSEPH A. DEMARIA, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am a member of the Bar of the United States District Court for the Southern District of New York and am a partner in the law firm of Tew Cardenas LLP, counsel to Plaintiff Ana Margarita Martinez ("Ms. Martinez") in the above-captioned matter. I submit this declaration in conjunction with, and in support of, Plaintiff Ms. Martinez' Application for Default Judgment Against the Republic of Cuba, pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure, 55.2(b) of the Local Rules of the United States District Court for the Southern District of New York, the Default Judgment Procedures of United States District Judge Victor Marrero, and the requirements of 28 U.S.C. §1608(e). This declaration is based on my personal knowledge.

2. On July 23, 2007, Ms. Martinez filed her Complaint in this Court for an action on a judgment against the Republic of Cuba. [D.E. 1]. Plaintiff's Complaint seeks to have this Court recognize, pursuant to the Full Faith and Credit clause of Article IV, §1 of the United States Constitution (as implemented by 28 U.S.C. §1738), a final judgment entered in her favor against the

Republic of Cuba, pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§1602, et seq. ("FSIA"), in the case styled as <u>Ana Margarita Martinez v. The Republic of Cuba</u>, Case No. 99-18008 CA 20 ("Florida Judgment")(a certified copy of the Florida Judgment is attached to the Complaint at Exhibit A). The Florida Judgment awarded Ms. Martinez compensatory damages in the amount of $7,175,000.00.

3. This Declaration is submitted in support of Plaintiff's Application for Default Judgment in the above-captioned action, the underlying basis of which is the Florida Judgment, which in turn is based upon the systematic and intentional physical, psychological and emotional torture inflicted upon Plaintiff by her husband, Juan Pablo Roque, acting within the scope of his employment as an agent of the Cuban government. [D.E. 1 at Ex. A].

4. The Florida court entered a default against the Republic of Cuba on June 22, 2000. Because the underlying lawsuit was against a foreign state pursuant to the FSIA, the Florida court recognized that Ms. Martinez had to establish her "claim or right to relief by evidence that is satisfactory to the court," pursuant to 28 U.S.C. §1608(e), in order for a default judgment to be entered. <u>Id</u>. at p.8. Therefore, the Florida court held a trial, and after the Plaintiff presented "thorough, competent and extensive evidence, both testimonial and documentary", the Florida court entered Final Judgment in favor of Plaintiff. <u>Id</u>.

5. The Republic of Cuba is a foreign state within the meaning of §1603(a) of the FSIA. The Republic of Cuba is not an infant, not in the military, and not an incompetent person within the meaning of Rule 55(b)(2) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1.

6. A summons was issued for the Republic of Cuba by the Clerk of the Court on July 23, 2007. As there is no special arrangement for service of process on the Republic of Cuba, and

there is no applicable international convention on the service of judicial documents on the Republic of Cuba (see 28 USC §§ 1608(a)(1) & (2)), on August 14, 2007, the Clerk commenced service on the Republic of Cuba, pursuant to Rule 4(f)(2)(c)(ii) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1608(a)(3), by sending the Summons, Complaint and Notice of Suit, along with Spanish translations of each, to the Minister of Foreign Relations of the Republic of Cuba. [D.E. 6]. The Republic of Cuba received service on August 20, 2007. A copy of the DHL service receipt is attached hereto at Exhibit "A".

7.  Pursuant to the Summons and §1608(d) of the FSIA, the Republic of Cuba was required to serve an answer or other responsive pleading to the Plaintiff's Complaint within 60 days of service. According to the DHL service receipt, the Republic of Cuba was properly served on August 20, 2007. The Republic of Cuba was therefore required to serve its responsive pleading on or before October 20, 2007.

8.  The Republic of Cuba has not served any response to Plaintiff's Complaint within the time allotted for service, nor does the court record reflect an answer or responsive pleading filed by the Republic of Cuba. Accordingly, the Republic of Cuba is in default, having failed to plead or otherwise defend this action within the meaning of Local Civil Rule 55.1.

9.  To date, a substantial portion of the Florida Judgment remains unsatisfied. Plaintiff received a payment on the Florida Judgment on May 10, 2005, in the amount of $199,659.59. This amount was paid to Plaintiff by the United States Department of Treasury, Office of Foreign Asset Control, from frozen Cuban assets. In addition, in 2003 Plaintiff executed upon and received the proceeds from the auction of a small biplane owned by the Cuban Government, in the amount of $7,000. No other payments on the Final Judgment have been made by the Republic of Cuba. The

total amount of the principal of the Judgment which remains unsatisfied is $6,968,340.41, without calculating interest.

10.     Based upon these uncontroverted facts, Ms. Martinez is entitled to a final default judgment against the Republic of Cuba in the amount of the unsatisfied principal judgment, plus accumulated interest at the Florida post-judgment rate from March 23, 2001 through the date of entry of judgment by this Court. Pursuant to this court's default procedure, I am attaching a Statement of Damages, setting forth these calculations, attached hereto as Exhibit "B."

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 4, 2007.

_____
Joseph A. DeMaria

# EXHIBIT "A"

Declaration of Joseph A. DeMaria in Support of
Plaintiff Ana Margarita Martinez' Application for
Default Judgment Against The Republic of Cuba



# Track results detail

▶ Print this page

## Tracking results detail for 7850199626

**Tracking summary**

| | | |
|---|---|---|
| Current Status | ✓ | **Shipment delivered.** |
| Delivered on | | 8/20/2007  10:05 am |
| Delivered to | | |
| Signed for by | | JULIO |

## Tracking history

| Date and Time | | Status | Location |
|---|---|---|---|
| 8/20/2007 | 10:05 am | Shipment delivered. | Havana, Cuba |
| | 8:34 am | With delivery courier. | Havana, Cuba |
| 8/19/2007 | 4:33 pm | Arrived at DHL facility. | Havana, Cuba |
| 8/18/2007 | 2:46 pm | Transit through DHL facility | Havana, Cuba |
| 8/16/2007 | 8:24 pm | Depart Facility | Mexico City, Mexico |
| | 6:51 am | Depart Facility | Wilmington - Clinton Field, OH |
| | 12:52 am | Processed at DHL Location. | Wilmington - Clinton Field, OH |
| 8/15/2007 | 11:38 pm | Clearance processing complete | Wilmington - Clinton Field, OH |
| | 4:51 am | Shipment on Hold. | Wilmington - Clinton Field, OH |
| | 4:42 am | Clearance Delay | Wilmington - Clinton Field, OH |
| | 2:45 am | In transit. | Wilmington - Clinton Field, OH |
| | 2:35 am | In transit. | Wilmington - Clinton Field, OH |
| 8/14/2007 | 9:33 pm | Departing origin. | New York, NY |
| | 4:15 pm | Shipment picked up | New York, NY |

**Ship From:**
DHL EXPRES
New York, NY
United States

**Ship To:**
Havana, Cuba

**Shipment Information:**
Ship date: 8/14/2007
Pieces: 1
Total weight: 2 lbs *

Ship Type: Package
Shipment Reference: 20726.002
Service: Next Day
Special Service:
Description: NONE

Attention:
DHL EXPRES

Attention:

Tracking detail provided by DHL: 8/24/2007, 5:24:52 am pt.

You are authorized to use DHL tracking systems solely to track shipments tendered by or for you to DHL. Any other use of DHL tracking systems and information is strictly prohibited.

**\* Note on weight:**
The weights displayed on this website are the weights provided when the shipment was created. Actual chargeable weights may be different and will be provided on invoice.

# EXHIBIT "B"

Declaration of Joseph A. DeMaria in Support of
Plaintiff Ana Margarita Martinez' Application for
Default Judgment Against The Republic of Cuba

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARGARITA MARTINEZ,

    Plaintiff,

vs.

                                   Case No. 07 CV 6607 (VM)

THE REPUBLIC OF CUBA,                     **STATEMENT OF DAMAGES**

    Defendant.
_____/

| | |
|---|---:|
| Principal amount awarded on March 23, 2001 | $7,175,000.00 |
| Less $7,000 payment on January 1, 2003[1] | 7,168,000.00 |
| Less $199,659.59 payment on May 10, 2005 | 6,968,340.41 |
| Plus interest at 11% pursuant to Fla. Stat. §55.03, from March 23, 2001 through December 4, 2007, as set forth in the spreadsheet attached hereto at Exhibit "A" | 5,228,762.19 |
| **Total amount requested in the final judgment:** | **$12,197,102.60** |

                                                  s/Joseph A. DeMaria
                                                  Joseph A. DeMaria, Esq.

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;497619;1

---

[1] Ms. Martinez received a payment of $7,000 from the sale of a Cuban biplane sometime in 2003. Because Ms. Martinez is unable to verify the specific date of the sale, in fairness she is using the first day of 2003 to calculate interest.

# EXHIBIT "A"
**Statement of Damages**

## STATUTORY INTEREST CALCULATION

| DATE | PRINCIPAL | INT. RATE | DAYS | INTEREST |
|---|---|---|---|---|
| 3/23/01 | 7,175,000 | | | |
| 3/23/01 - 12/31/01 | | 11.00% | 283 | 611,939.04 |
| 2002 | | 11.00% | 365 | 789,250.00 |
| 1/1/03 | 7,168,000 | | | |
| 2003 | | 11.00% | 365 | 788,480.00 |
| 2004 | | 11.00% | 365 | 788,480.00 |
| 1/1/05-5/9/05 | | 11.00% | 129 | 278,668.27 |
| 5/10/05 | 6,968,340.41 | | | |
| 5/10/05-12/31/05 | | 11.00% | 236 | 495,611.28 |
| 2006 | | 11.00% | 365 | 766,517.45 |
| 1/1/2007-12/4/07 | | 11.00% | 338 | 709,816.15 |
| TOTAL INTEREST | | | | 5,228,762.19 |
| PER DIEM | | | | 2,100.05 |