# TEW·CARDENAS
### ATTORNEYS AT LAW
MIAMI · TALLAHASSEE · WASHINGTON DC

JOSEPH A. DeMARIA
WRITER'S DIRECT LINE: 305.539.2440
E-MAIL: jad@tewlaw.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/08

FOUR SEASONS TOWER
15TH FLOOR
1441 BRICKELL AVENUE
MIAMI, FLORIDA 33131-3407
T 305.536.1112
F 305.536.1116
WWW.TEWLAW.COM

January 17, 2008

The Honorable Victor Marrero
United States District Judge
United States Courthouse
Southern District of New York
40 Centre Street, Mail Room (Room 15)
New York, New York 10007

*Via Facsimile 212-805-6382*

Re: **Ana Margarita Martinez v. The Republic of Cuba**, 07-cv-6607 (VM)

Dear Judge Marrero:

We represent Ana Margarita Martinez in the above-referenced matter. I write to you pursuant to Rule II(A) of this Court's Individual Practices to request permission to file a motion and proposed order for the issuance of a writ of execution.

On December 7, 2007, this Court entered a Default Judgment against the Republic of Cuba amounting to $12,197,102.60 plus interest. (D.E. 16.) On December 10, 2007, a copy of the Default Judgment was sent to the Republic of Cuba by DHL courier. DHL confirmed that the delivery with the Default Judgment was received by the Republic of Cuba in Havana, Cuba on December 17, 2007. The Republic of Cuba therefore has notice of the Default Judgment.

The reason that Ms. Martinez needs leave of court to obtain a writ of execution (i.e., rather than going directly to the Clerk of Court) is that, under the applicable statutory provisions, a court order is required for execution. This is so in light of the requirements of the Foreign Sovereign Immunities Act, as the defendant/judgment debtor herein is a foreign sovereign, the Republic of Cuba. Specifically, 28 U.S.C. § 1610(c) provides:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

As the Republic of Cuba has been given notice of the Default Judgment, Ms. Martinez therefore seeks the leave of court contemplated by Section 1610(c) in order to commence efforts to execute on the Default Judgment.

Hon. Victor Marrero
January 17, 2008
Page 2

     In the present case, the Default Judgment was entered forty-one (41) days ago, and the Republic of Cuba received a copy of the Default Judgment by DHL thirty-one (31) days ago. Thirty days after receipt has been deemed a reasonable notice period under Section 1610(c). Richmark Corp. v. Timber Falling Consultants, Inc., 1990 WL 84598, *2 (D. Or. May 31, 1990) (30 days after service); see also Ned Chartering & Trading Co. v. Republic of Pakistan, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding that a period of six weeks following entry of judgment is sufficient). Again, here it has been nearly six weeks since the entry of judgment and thirty-one days after notice to the Republic of Cuba.

     The amount of time that has passed since the entry of the Default Judgment and the Republic of Cuba's receipt thereof is particularly reasonable under the circumstances of this case. First, the Republic of Cuba did not appear in the underlying case in the Circuit Court in Miami, Florida. Second, the Republic of Cuba did not appear in this Court after the Clerk of the Court served the Summons, Complaint, and Notice of Suit on August 14, 2007 (D.E. 6). Third, the Republic of Cuba has made no voluntary effort to satisfy any of Ms. Martinez's judgments. Therefore, there is absolutely no indication that the Republic of Cuba has any intention of making any appearance before this Court in this case or otherwise taking any action against Ms. Martinez's judgments—and, thus, no reason to delay Ms. Martinez's execution efforts any further.

     Based on the foregoing, should Your Honor grant this request, we are prepared to file a motion with this Court, along with a proposed Order directing the Clerk of the Court to immediately issue a Writ of Execution, and a proposed Writ of Execution.

                                                  Respectfully,

                                                  JOSEPH A. DEMARIA
                                                  (JD-5668)

cc:     The Republic of Cuba (by DHL Express)

@PFDesktop\::ODMA/MHODMA/DMS_NT.Miami.499549;1

> Request GRANTED. Plaintiff Ana Margarita Martinez is authorized to file a motion and proposed order seeking a writ of execution against defendant Republic of Cuba in this action. Plaintiff shall serve the Republic of Cuba with a copy of such motion and order, by any means authorized by law to effectuate such service.
>
> SO ORDERED:
>
> DATE: 1-17-08
>
> VICTOR MARRERO, U.S.D.J.