UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANA MARGARITA MARTINEZ,

    Plaintiff,

vs.

                                    Case No. 07 CV 6607 (VM)

THE REPUBLIC OF CUBA,

    Defendant.
_____/

**PLAINTIFF ANA MARGARITA MARTINEZ'S MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR ISSUANCE OF WRIT OF EXECUTION**

Plaintiff Ana Margarita Martinez, by and through undersigned counsel, pursuant to Rule 69 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1610(c), moves this Court for an order directing the Clerk of Court to issue a Writ of Execution based on the Default Judgment entered in this case, and in support thereof states as follows:[1]

**Introduction**

On December 7, 2007, this Court entered a Default Judgment against the Republic of Cuba amounting to $12,197,102.60 plus interest (D.E. 16) (the "Judgment"). On December 10, 2007, a copy of the Judgment was sent to the Republic of Cuba by DHL courier. (DeMaria Decl., ¶ 3 (attached hereto as Exhibit A).) DHL confirmed that the delivery with the Judgment was received

---

[1] Pursuant Rule II(A) of this Court's Individual Practices, Plaintiff made a letter request to this Court for permission to file this Motion. On January 17, 2008, this Court granted Plaintiff's request, requiring Plaintiff to serve the Republic of Cuba with notice of the motion and a deadline for submitting a response. (D.E. 21.) As reflected on the certificate of service below, the Republic of Cuba is being served by DHL, and it is hereby being advised that Local Rule 6.1(b) provides that opposing affidavits and memoranda are due within 10 business days of service of a motion.

by the Republic of Cuba in Havana, Cuba on December 17, 2007. (Id.) The Republic of Cuba therefore has notice of the Judgment.

As the Republic of Cuba now has notice of the Judgment, the next step in the process for Ms. Martinez's enforcement efforts is to obtain a writ of execution. As explained below, leave of court is necessary for Ms. Martinez to obtain the necessary writ of execution.

## **Argument**

As the defendant/judgment debtor herein is the Republic of Cuba (i.e., a foreign sovereign), the execution based on Ms. Martinez's Judgment is governed by the Foreign Sovereign Immunities Act. Specifically, 28 U.S.C. § 1610(c) provides:

> No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

As the Republic of Cuba has been given notice of the Judgment, Ms. Martinez therefore seeks the leave of court contemplated by Section 1610(c) in order to commence efforts to execute on the Judgment.

In the present case, the Judgment was entered forty-nine (49) days ago, and the Republic of Cuba received a copy of the Judgment by DHL thirty-nine (39) days ago. Thirty days after receipt has been deemed a reasonable notice period under Section 1610(c). Richmark Corp. v. Timber Falling Consultants, Inc., 1990 WL 84598, *2 (D. Or. May 31, 1990) (30 days after service); see also Ned Chartering & Trading Co. v. Republic of Pakistan, 130 F. Supp. 2d 64, 67 (D.D.C. 2001) (finding that a period of six weeks following entry of judgment is sufficient). Again, here it has been

seven weeks since the entry of the Judgment and 39 days after the receipt of notice by the Republic of Cuba.

The amount of time that has passed since the entry of the Judgment and the Republic of Cuba's receipt thereof is particularly reasonable under the circumstances of this case. First, the Republic of Cuba did not appear in the underlying case in the Circuit Court in Miami, Florida. Second, the Republic of Cuba did not appear in this Court after the Clerk of the Court served the Summons, Complaint, and Notice of Suit on August 14, 2007 (D.E. 6). Third, the Republic of Cuba has made no voluntary effort to satisfy any of Ms. Martinez's judgments. Therefore, there is absolutely no indication that the Republic of Cuba has any intention of making any appearance before this Court in this case or otherwise taking any action against Ms. Martinez's judgments. Accordingly, there is no reason to delay Ms. Martinez's execution efforts any further.

Article 52 of the New York CPLR permits the issuance of a writ of execution to be levied upon the real and personal property of a judgment debtor. See NY CPLR § 5202(a). Ms. Martinez, as a judgment creditor, is entitled to levy upon any interest of the Republic of Cuba in personal property not capable of delivery by serving a copy of the execution upon a garnishee. See NY CPLR § 5232(a). Therefore, undersigned counsel needs to obtain a Writ of Execution in order to serve the Writ upon garnishees who are in possession of executable assets of the Republic of Cuba in this District.

### Conclusion

For the foregoing reasons, Ana Margarita Martinez respectfully requests that this Court grant this Motion and direct the Clerk to issue a Writ of Execution. For the Court's consideration, filed

herewith are: (1) a proposed Order directing the Clerk of the Court to issue a Writ of Execution; and (2) a proposed Writ of Execution.

                TEW CARDENAS LLP
                *Counsel for Plaintiff*
                *Ana Margarita Martinez*
                1441 Brickell Avenue, 15th Floor
                Miami, Florida 33131
                Phone: 305 536-1112
                Fax: 305-536-1116

By:   s/Joseph A. DeMaria
                Joseph A. DeMaria (JD 5668)
                jad@tewlaw.com
                Bryan T. West (BW 8739)
                btw@tewlaw.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that the foregoing was served via DHL Worldwide Express on January 25, 2008, on the following:

REPUBLIC OF CUBA
Minister of Foreign Relations
Felipe Perez Roque
Calzada No. 360, Esquina AG
Vedado, Havana, Cuba

                                             Joseph A. DeMaria
                                             Joseph A. DeMaria

@PFDesktop\::ODMA/MHODMA/DMS_NT;Miami;499951;1