# U.S. Department of Justice
## United States Marshals Service

**PROCESS RECEIPT AND RETURN**
See Instructions for "Service of Process by the U.S. Marshal" on the reverse of this form.

| | |
|---|---|
| **PLAINTIFF** Ana Margarita Martinez | **COURT CASE NUMBER** 07-CV-6607 (VM) |
| **DEFENDANT** The Republic of Cuba | **TYPE OF PROCESS** Order of Attachment |

**SERVE** NAME OF INDIVIDUAL, COMPANY, CORPORATION, ETC., TO SERVE OR DESCRIPTION OF PROPERTY TO SEIZE OR CONDEMN
→ JPMorgan Chase Bank, N.A.

**ADDRESS** (Street or RFD, Apartment No., City, State and ZIP Code)
**AT** 1 Chase Manhattan Plaza, New York, NY 10005

SEND NOTICE OF SERVICE COPY TO REQUESTER AT NAME AND ADDRESS BELOW:

Joseph A. DeMaria
Tew Cardenas LLP
1441 Brickell Ave., 15th Floor
Miami, FL 33131
Counsel for Ana Margarita Martinez

Number of process to be served with this Form - 285: One

SPECIAL INSTRUCTIONS OR OTHER INFORMATION THAT WILL ASSIST IN EXPEDITING SERVICE:

Phone number for JPMorgan Chase Bank, N.A. is (212)270-6000

Signature of Attorney: [signed]  ☑ PLAINTIFF  ☐ DEFENDANT
TELEPHONE NUMBER: (305)536-1112
DATE: 9/17/07

---

**SPACE BELOW FOR USE OF U.S. MARSHAL ONLY — DO NOT WRITE BELOW THIS LINE**

Total Process: 1 | District of Origin No. 54 | District to Serve No. 54 | Signature of Authorized USMS Deputy or Clerk: Joann Hoodson | Date: 9/18/07

☑ I hereby certify and return that I have personally served ... the process described on the individual, company, corporation, etc., at the address shown above ...

Name and title of individual served: Doreen Bertone (Legal Specialist)
☑ A person of suitable age and discretion then residing in the defendant's usual place of abode.

Date of Service: 9/19/07  Time: 11:30 am
Signature of U.S. Marshal or Deputy: [signed] 3826

Service Fee: 45.00 | Total Mileage Charges: .49 | Total Charges: 45.49

**REMARKS:**

I hereby certify and return that on October 9, 2007, I received a response from Davis Polk & Wardwell, representing JP Morgan Chase Bank, copy attached. I have received no funds or property belonging to the defendant.

Dated: New York, NY
February 11, 2008

By: Joseph R. Guccione
US Marshal, SDNY
Joann Goodson
Seizure/Forfeiture Specialist

## INSTRUCTIONS FOR SERVICE OF
## PROCESS BY THE U.S. MARSHAL

Please type or print legibly, insuring readability of all copies. DO NOT DETACH ANY COPIES.

Submit one complete set of this form (USM-285) and one copy of each writ for each individual, company, corporation, etc., to be served or property to be seized or condemned. The applicable fees for such service(s) (T28, USC Sec. 1921 establishes the fees for service of process by the U.S. Marshal) may be required prior to said service.

For service of any process upon an officer or agent of the United States Government, submit a copy of the writ and a set of Form USM-285 for each officer or agent upon whom service is desired. Submit three (3) additional copies of the writs for service upon the Government of the United States. The U.S. Marshal will serve one (1) upon the U.S. Attorney and will forward two (2) to the Attorney General of the United States. (When the applicable box is checked, completion of the final signature block by the U.S. Marshal or his Deputy always certifies service on the U.S. Attorney and the Attorney General, regardless of whether other defendants on the writ were served.) Failure to provide any of the copies will delay service of the writ.

Complete all entries above the double line. Mark all applicable check boxes and use the "Special Instructions" to advise of any information that will assist the U.S. Marshal in expediting service.

If more than one writ and USM-285 is submitted on a single case, the U.S. Marshal will receipt for all of them on the first USM-285. You will receive for your records the last (No. 5) "Acknowledgment of Receipt" copy for all the USM-285 forms you submit. When the writ is served, you will receive the No. 3 Notice of Service copy. This copy will be identical to the return to the Clerk of the Court.

Upon completion of all services (if the Marshals fees were not requested or tendered in advance or if additional fees are indicated), you will receive a "Billing Statement" (copy 4 of USM-285) from the United States Marshal. (NOTE: Copy 4 should be returned, by you, to the U.S. Marshal, together with your payment of the amount owed.)

Additional supplies of the USM-285 may be obtained from the Clerk of the U.S. District Court or U.S. Marshal, without cost.

Case 1:07-cv-06607-VM    Document 29    Filed 02/28/2008    Page 3 of 4

# DAVIS POLK & WARDWELL

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
FAX 212 450 3800

MENLO PARK
WASHINGTON, D.C.
LONDON
PARIS
FRANKFURT
MADRID
TOKYO
BEIJING
HONG KONG

JAMES L. KERR
212 450 4552
JAMES.KERR@DPW.COM

October 1, 2007

Re: **Martinez v. The Republic of Cuba**, 07 Civ. 6607 (VM) (S.D.N.Y.)

United States Marshal
United States Department of Justice
United States Marshals Service
Southern District of New York
500 Pearl Street, Suite 400
New York, NY 10007

Dear Sirs:

This statement is submitted, pursuant to CPLR § 6219, on behalf of JPMorgan Chase Bank, N.A. ("JPM Chase"), with respect to the annexed order of attachment as to any (1) any debt owed to the judgment debtor by JPM Chase which is past due, currently due or certain to become due upon demand of the judgment debtor; and (2) any existing interest of the judgment debtor in personal property held by JPM Chase

JPM Chase is a national bank with offices in the City and State of New York, and maintains on its books various accounts which are blocked pursuant to the Cuban Assets Control Regulations, 31 C.F.R. Part 515 (the "Blocked Accounts"). These Regulations block all property in which the Government of Cuba, including agencies and instrumentalities of the Government of Cuba, or any blocked Cuban national, has an interest, as defined by the Regulations. None of these Blocked Accounts, upon information and belief, has been opened or maintained for the account of the Republic of Cuba. The name of the Republic of Cuba, or the name of certain of its agencies or instrumentalities, appears in the title of certain Blocked Accounts, and the Republic of Cuba or such agencies or instrumentalities may have an indirect or contingent interest in certain of these Blocked Accounts.

The notice of attachment delivered to JPM Chase by the U.S. Marshal did not specify any particular accounts on which the U.S. Marshal was directed to

United States Marshal          2          October 1, 2007

levy, but simply referred to "blocked assets" in which The Republic of Cuba or any of its agencies or instrumentalities has an interest. At the present time, JPM Chase maintains a number of accounts on its books that are blocked pursuant to the Cuban Assets Control Regulations.[1] Most are accounts containing the proceeds of blocked wire transfers with multiple counterparties.

You should also be aware that a turnover petition has been served upon JPM Chase in connection with Anderson v. The Republic of Cuba, 07 Civ. 7974 (VM), a proceeding pending in the United States District Court for the Southern District of New York. The petition seeks turnover of an earmarked portion of the current balance in an account identified as the "AT&T Long Lines Dept. Account," which is said to represent a tax liability due to The Republic of Cuba. This account is one of the Blocked Accounts referred to above. Finally, JPM Chase has received notice of a garnishment proceeding that was commenced in Florida state court with respect to the same AT&T account. Hausler v. Republic of Cuba, Circuit Court of the 11th Judicial Circuit in and for Miami-Dade County, Case No. 02-12475, on removal, 07 Civ. 22375 (S.D. Fla.) AT&T Corp., which is identified as the garnishee in that case, has removed the proceeding to the United States District Court for the Southern District of Florida, and has also filed a motion to transfer the proceeding to the Southern District of New York. In its papers, AT&T Corp. ("AT&T") has taken the position that AT&T and its wholly-owned subsidiary, the Cuban American Telephone & Telegraph Company, have interests in this account.

Very truly yours,

James L. Kerr

cc: Joseph A. DeMaria, Esq.
     Bryan T. West, Esq.

---

[1] In addition to the Blocked Accounts referred to above, JPM Chase carries two unblocked operating accounts on its books in the name of the Permanent Mission of Cuba to the United Nations. These accounts are diplomatic accounts immune from attachment or execution pursuant to the Vienna Convention on Diplomatic Relations, and are licensed as such by the U.S. Treasury Department's Office of Foreign Assets Control for operation by the Permanent Mission of Cuba to the United Nations. In addition, there is an attorney trust account maintained by the firm of Rabinowitz, Boudin, Standard, Krinsky & Lieberman, which we understand holds the proceeds from the sale of diplomatic property by the Permanent Mission. We believe that this account is likewise immune from attachment and execution pursuant to the Vienna Convention on Diplomatic relations.