# TEW·CARDENAS LLP
### ATTORNEYS AT LAW
MIAMI · TALLAHASSEE · WASHINGTON DC

BRYAN T. WEST
WRITER'S DIRECT LINE: 305.536.8433
E-MAIL: btw@tcwlaw.com

**ORIGINAL**

FOUR SEASONS TOWER
15TH FLOOR
1441 BRICKELL AVENUE
MIAMI, FLORIDA 33131-3407
T 305.536.1112
F 305.536.1116
WWW.TEWLAW.COM

June 5, 2008

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10-08
```

The Honorable Victor Marrero
United States District Judge
United States Courthouse                    *Via Facsimile 212-805-6382*
Southern District of New York
40 Centre Street, Mail Room (Room 15)
New York, New York 10007

**Re:   Ana Margarita Martinez v. The Republic of Cuba, 07-cv-6607 (VM)**

Dear Judge Marrero:

    We represent Ana Margarita Martinez in the above-referenced matter. I write to you pursuant to Rule II(A) of this Court's Individual Practices to request permission to file a motion and proposed order to extend the levies of her writ of execution served upon each of JPMorgan Chase Bank and AT&T Corp. on March 13, 2008. Without an extension, her levies are set to expire on June 11, 2008.

    As this Court is aware, Ms. Martinez is a judgment creditor with a claim against The Republic of Cuba. By virtue of that status, Ms. Martinez has also been named as an "adverse claimant" in an interpleader claim filed by JPMorgan Chase Bank as a counterclaim in another case before this Court styled Anderson v. AT&T Corp. et al., Case No. 07-cv-7974 (VM) (the "Anderson Turnover Case"). The subject of the Anderson Turnover Case is the turnover of certain tax funds payable to The Republic of Cuba that are being held at JPMorgan Chase Bank and which are attributable to a tax obligation owed by Cuban American Telephone and Telegraph Company, a wholly-owned subsidiary of AT&T Corp.

    Ms. Martinez is cooperating with Gary Anderson, the Plaintiff in the Anderson Turnover Case, in his execution efforts against The Republic of Cuba. Nevertheless, in order to protect her status as a judgment creditor and as a person who was joined as a party in the interpleader action in that case, out of an abundance of caution we seek to extend the validity of her service of her writ of execution while the Anderson Turnover Case remains pending. Under Section 5232 of the N.Y. CPLR, the levy by service of a writ of execution is valid for 90 days after service unless, *inter alia*, the period is extended for "such further time as the court, upon motion of the judgment creditor... has provided" or a turnover action is commenced. After conferring with counsel for AT&T Corp.

Hon. Victor Marrero
June 5, 2008
Page 2

and JPMorgan Chase Bank, at this juncture, it appears that the most efficient means through which to keep Ms. Martinez's levies active is to seek an extension in this case (i.e., Case No. 07-cv-6607 (VM)).

In the Anderson Turnover Case, we are waiting for the process of JPMorgan Chase's service of its papers on The Republic of Cuba to be completed. Thereafter, we intend to file a motion for summary judgment on the turnover claim filed by Mr. Anderson. Given that we are waiting for the Cuba service to run its course, the motion papers will need to be filed, and, of course, the Court will need time to rule on the turnover petition, we believe at least four months may be necessary. While those proceedings remain pending, we want to ensure that Ms. Martinez's levies remain alive, particularly if they are needed (e.g., not all of the money is turned over to Mr. Anderson, and Ms. Martinez's writ, which is in a secondary position, could be used to recover any balance that Mr. Anderson does not recover in the turnover).

There is no danger of any prejudice to the judgment debtor through the grant of this additional extension, as The Republic of Cuba has never appeared in any of these proceedings to this point. ***AT&T Corp. and JPMorgan Chase Bank both agree to the extension requested herein.*** The extension will allow Ms. Martinez's status to be protected while the request for turnover in the Anderson Turnover Case runs its course. We are seeking a 120-day extension of the validity of the service of the writ.

Should Your Honor see fit to grant this additional extension, the service of the writ on AT&T Corp. and JPMorgan Chase Bank would remain valid through October 14, 2008.

Respectfully,

Bryan T. West

BRYAN T. WEST
(BW-8739)

> Request GRANTED. The time of the service of the writ of execution on AT&T Corp. and JPMorgan Chase Bank herein is extended to 10-14-08. Plaintiff is directed to submit a status report on this matter within 90 days of this Order.
>
> SO ORDERED:
> 6-9-08
> VICTOR MARRERO, U.S.D.J.

cc: The Republic of Cuba (by DHL Express)
James Kerr, Esq. (Counsel for JPMorgan Chase Bank, by e-mail)
Lynn A. Dummett, Esq. (Counsel for AT&T Corp., by e-mail)
Joseph A. DeMaria, Esq.